LARRY HOBBS FARM EQUIPMENT, INC. d/b/a Hobbs Farm Implement and Hobbs Farm Equipment *v.* CNH AMERICA, LLC d/b/a Case IH, Successor in Interest to DMI, Inc.

08-1056                                        287 S.W.3d 550

Supreme Court of Arkansas
Opinion delivered September 18, 2008

PER CURIAM. In accordance with section 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Judge J. Leon Holmes of the United States District Court for the Eastern District of Arkansas filed a certifying order with our clerk on September 8, 2007. The certifying court requests that we answer three questions of Arkansas law that may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. The questions involve Arkansas Code Annotated sections 4-72-204(a)(1), 4-72-310(B)(4), and 4-72-309.

After a review of the certifying court's explanation of the need for this court to answer the questions of law presently pending in that court, we accept certification of the following three questions:

1. Under the facts of this case, whether the market withdrawal of a product or of a trademark and trade name for the product constitutes "good cause" to terminate a franchise under Arkansas Code Annotated section 4-72-204(a)(1).

2. Under the facts of this case, whether liability under Arkansas Code Annotated section 4-72-310(b)(4) is created when a manufacturer terminates, cancels, fails to renew, or substantially changes the competitive circumstances of the dealership agreement based on re-branding of the product or ceasing to use a particular trade name or trademark for a product while selling it under a different trade name or trademark.

3. Under the facts of this case, whether the sole remedies for a violation of the Arkansas Farm Equipment Retailer Franchise Protection Act are: (1) the requirement that the manufacturer repurchase inventory for a termination without good cause, and (2) damages, costs, and attorneys' fees that result from the failure to repurchase inventory as provided in Arkansas Code Annotated section 4-72-309, or whether other remedies are also available.

This per curiam order constitutes notice of our acceptance of the certification of the questions of law. For purposes of the pending proceeding in the supreme court, the following requirements are imposed:

A. Time limits under Arkansas Supreme Court Rule 4-4 will be calculated from the date of this per curiam order accepting certification. The plaintiff in the underlying action, Larry Hobbs Farm Equipment, Inc., is designated the moving party and will be denoted as the "Petitioner," and its brief is due thirty days from the date of this per curiam; the defendant, CNH America, LLC, shall be denoted as the "Respondent," and its brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after the Respondent's brief is filed.

B. The briefs shall comply with this court's rules as in other cases except the content of the briefs. Only the following items required in Arkansas Supreme Court Rule 4-2(a) shall be included:

(3) Points on appeal which shall correspond to the certified questions of law to be answered in the federal district court's certification order.

(4) Table of authorities.

(6) Statement of the case which shall correspond to the facts relevant to the certified questions of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Arkansas Supreme Court Rule 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for Petitioners and Respondents.

Request granted.

GLAZE, J., not participating.